IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

OTIS BROWN,                                    )
                                               )
                                               )    2:19-cv-01590
            Plaintiff,                         )
                                               )
    vs.                                        )
                                               )
ANDREW SAUL, COMMISSIONER OF                   )
SOCIAL SECURITY,                               )
                                               )
                                               )
            Defendant.                         )

## MEMORANDUM OPINION AND ORDER

Plaintiff Otis Brown ("Brown") commenced this action against Andrew Saul, the Commissioner of Social Security ("Commissioner") in which he seeks judicial review of an unfavorable decision regarding his claim for social security disability benefits and supplemental security income. Both parties have moved for summary judgment, and both motions have been fully briefed. On September 21, 2020, the Court issued an order (ECF No. 23), directing the parties to file supplemental briefs that address the decisions of *Lucia v. SEC*, 138 S. Ct. 2044 (2018) and *Cirko on behalf of Cirko v. Commissioner of Social Security*, 948 F.3d 148 (3d Cir. 2020) as they may relate to this action. Both parties have done so. (ECF Nos. 25, 27.)

For the reasons set forth below, the Court will grant summary judgment in favor of Brown and remand this matter for a new hearing before a different administrative law judge.

### I.    Relevant Procedural and Factual Background

Brown filed applications for supplemental security income and disability benefits on May 18, 2016. (R. 166-78.)[1] His claims were initially denied on September 1, 2016. (R. 93-103.) He then took an appeal in which he sought a hearing before an Administrative Law Judge ("ALJ").

---

[1] Citations to the record (ECF No. 6) are referred to as "R."

(R. 106-07.) A hearing was held on June 20, 2018 before ALJ Paul Kovac (R. 42-72), who

subsequently issued an unfavorable decision on October 11, 2018, finding that Brown not disabled

under the Social Security Act. (R. 12-24.) Thereafter, he filed a request for review of hearing

decision/order to the Appeals Council. (R. 9-11.) When the Appeals Council denied review on

October 9, 2019, it stated as follows:

> Your representative raised a challenge under the Appointments Clause of the
> Constitution, U.S. Const. Art. II, § 2, cl. 2, to the manner in which the
> Administrative Law Judge was appointed. However, this claim lacks merit because,
> on July 16, 2018, the Acting Commissioner of Social Security ratified the
> Administrative Law Judge's appointment and approved it as her own under the
> Constitution.

(R. 3.)[2] Brown then filed the present action seeking judicial review of the denial of benefits.

In Brown's Motion for Summary Judgment, he raises a series of errors by the ALJ as bases

for the reversal of his decision. He did not raise an Appointments Clause issue or address the *Lucia*

or *Cirko* decisions in his motion for summary judgment.

## II.    Discussion

In *Lucia v. SEC*, 138 S. Ct. 2044, 2053 (2018), the United States Supreme Court held that

because the ALJs of the Securities and Exchange Commission are "Officers of the United States"

within the meaning of the Appointments Clause of the United States Constitution, Art. II, § 2., cl.

2, they are required to be appointed to their positions by the President, a court of law or the

Department head. Because these ALJs were not so appointed, the Supreme Court held that the

petitioner was entitled to a new hearing before a different, constitutionally appointed ALJ. *See id.*

at 2055. The Supreme Court expressly held that an Appointments Clause problem cannot be cured

---

[2] As explained below, however, this response was neither sufficient under Supreme Court precedent nor consistent with the procedure that the Commissioner had announced would be applied in such cases.

by ratification after the fact. Indeed, the matter cannot even be remanded to the same ALJ who has

been subsequently appointed constitutionally. *Id.* at 2055.

The *Lucia* decision did not address the constitutional status of ALJs in other federal

agencies, including the Social Security Administration. However, on July 16, 2018, the Acting

Commissioner of the SSA ratified the appointments of its ALJs and approved these appointments

as her own. SSR 19-1p; Titles II & XVI: Effect of the Decision in *Lucia v. Securities and Exchange*

*Commission (SEC)* on Cases Pending at the Appeals Council, 84 Fed. Reg. 9582–9583 (Mar. 15,

2019).

In SSR 19-1p, the Administration indicated it would address Appointments Clause

challenges as follows:

> When the Appeals Council grants review based on a timely-raised Appointments
> Clause challenge, AAJs who have been appointed by the Acting Commissioner (or
> whose appointments the Acting Commissioner has ratified) will vacate the hearing
> decision or dismissal. In cases in which the ALJ made a decision, the Appeals
> Council will conduct a new and independent review of the claims file and either
> remand the case to an ALJ other than the ALJ who issued the decision under review,
> or issue its own new decision about the claim covering the period before the date
> of the ALJ's decision. In its review, the Appeals Council will not presume that the
> prior hearing decision was correct.

In *Cirko on behalf of Cirko v. Commissioner of Social Security*, 948 F.3d 148, 155 (3d Cir.

2020), the Court of Appeals for the Third Circuit held that a Social Security claimant is not required

to exhaust his or her administrative remedy regarding an unconstitutionally appointed ALJ before

raising this issue with a district court. *See also Ramsey v. Commissioner of Soc. Security*, 973 F.3d

537, 540 (6th Cir. 2020) (agreeing with *Cirko*).[3]

As neither party addressed the *Lucia* or *Cirko* decisions in their motions for summary

---

[3] Other circuits disagree. *See Carr v. Commissioner of Soc. Security*, 961 F.3d 1267, 1275 (10th
Cir. 2020); *Davis v. Commissioner of Soc. Security*, 963 F.3d 790 (8th Cir. 2020). This Court is
required to follow the holdings of the Third Circuit.

judgment, the Court directed them to submit supplemental briefs to address these decisions as they may relate to this action. In his supplemental brief, Brown contends that based upon the holding in *Cirko*, this matter must be remanded for a new hearing before a different ALJ. The Commissioner disagrees, noting that *Cirko* only rejected the applicability of an exhaustion requirement in Social Security administrative proceedings, not the issue of waiver in a subsequent challenge in federal court. Thus, he argues, Brown waived any Appointments Clause challenge by failing to raise it in his opening brief to this Court.

As an initial matter, it should be noted that the Commissioner's discussion of waiver principally relies upon federal appellate cases that are ultimately governed by specific rules that address this issue. For example, in *Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist.*, 877 F.3d 136, 147 (3d Cir. 2017), the Court of Appeals discussed waiver based upon Federal Rule of Appellate Procedure 28(a) and Third Circuit Local Appellate Rule 28.1, both of which require parties to present all of their arguments in their opening briefs. And in *United States v. Olano*, 507 U.S. 725, 733 (1993), the Supreme Court reviewed Federal Rule of Criminal Procedure 52(b), which addresses when appellate courts can consider arguments not raised in the trial court.[4]

Neither the Federal Rules of Civil Procedure nor the Local Rules of this Court include any such limitation. Indeed, Federal Rule of Civil Procedure 56(f) allows a district court to grant summary judgment on grounds not raised by parties at all as long as they are given notice and an opportunity to be heard on the issue. *See also Forrest v. Parry*, 930 F.3d 93, 110-111 (3d Cir. 2019) ("district courts may grant summary judgment *sua sponte*, so long as the losing party is

---

[4] The Commissioner cites several district court cases, but they merely cite appellate cases without explaining why these appellate rules would apply at the district court level. *Wilson v. Colvin*, 218 F. Supp. 3d 439, 452 (E.D. Pa. 2016); *Brown v. Colvin*, 2017 WL 6606903, at *6 (M.D. Pa. Dec. 27, 2017); *Weilacher v. Astrue*, 2010 WL 5483366, at *4 (W.D. Pa. Oct. 14, 2010), *report and recommendation adopted*, 2011 WL 9610 (W.D. Pa. Jan. 3, 2011).

given notice when summary judgment is being contemplated.") Thus, arguing that Brown waived

the Appointments Clause issue by failing to raise it in his motion for summary judgment is largely

based on an analogy to the manner by which such matters are addressed in courts of appeal, which

operate under different procedural rules than district courts. While some district courts apply this

analogy to matters before them, the Commissioner does not address why the Court should do so

here, particularly after the Court directed the parties to address the Appointments Clause issue.

Nevertheless, even if the Commissioner's waiver argument is considered, it is unavailing.

Waiver is the "the intentional relinquishment or abandonment of a known right." *Barna*, 877 F.3d

at 147 (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). This matter is not properly

characterized as a waiver situation. There is no evidence that Brown's failure to raise this argument

was an intentional relinquishment or abandonment of a known right.

Rather, the proper inquiry is whether Brown "forfeited" his Appointments Clause

challenge. The Third Circuit has explained that "'[f]orfeiture is the failure to make the timely

assertion of a right,' an example of which is an inadvertent failure to raise an argument." *Barna*,

877 F.3d at 147 (quoting *Olano*, 507 U.S. at 733). The distinction is important because "a federal

court has the authority to resurrect only forfeited [claims]." *Id.* at 146 n.7 (quoting *Olano* and

*Wood v. Milyard*, 566 U.S. 463, 471 n.5 (2012)). Specifically, the Court may overlook forfeiture

when the forfeited issue is purely legal in nature. *See id.* at 147-48 (listing cases where the Third

Circuit has considered forfeited legal issues). This is especially true "where refusal to reach the

issue would result in a miscarriage of justice or where the issue's resolution is of public

importance." *Id.* at 147 (internal citations omitted). Moreover, courts of appeal may exercise their

discretion to consider an argument even if it has not been advanced in the first instance at the

district court level. *See, e.g., Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 249 (3d Cir.

2013).

Therefore, it could be argued that at most, Brown forfeited, not waived, his Appointments

Clause challenge by failing to raise this issue in his motion for summary judgment. However, a

district court may consider, and grant, summary judgment on grounds not raised by the parties.

Fed. R. Civ. P. 56(f).  Both parties have been given notice and an opportunity to respond regarding

the impact of *Lucia* and *Cirko* on this case. Moreover, the Court concludes that it will exercise its

discretion to address the issues raised by these decisions. Whether this case should be remanded

because the ALJ who conducted Brown's hearing and issued a decision was not constitutionally

appointed is a legal issue that can be addressed at this time, thereby conserving judicial resources

and promoting the efficient administration of justice. No final judgment has been entered in this

case, and there is no substantial prejudice to the Commissioner or to the public if this issue is

considered and resolved at this time. While the Commissioner argues that he had to review the

administrative transcript and research and respond to the issues Brown raised in his motion for

summary judgment, there is no reason why these issues cannot be addressed on remand.

Having exercised its discretion to consider this issue, the Court concludes that Brown is

entitled to have his claim determined by an ALJ who is constitutionally appointed. As the Third

Circuit recognized, an Appointments Clause challenge addresses fundamental constitutional

issues, noting that these challenges "implicate both individual constitutional rights and the

structural imperative of separation of powers." *Cirko*, 948 F.3d at 153 (citing *Glidden Co. v.*

*Zdanok*, 370 U.S. 530, 536–37 (1962)). The *Cirko* court stressed that "important individual liberty

[is] safeguarded by the Appointments Clause." *Id.* at 154. As stated by the Court of Appeals, this

is particularly critical when resolving claims for disability benefits:

> The need to protect those individual rights is especially acute, however, where, as
> here, claimants' "physical condition and dependency on the disability benefits" are

at issue. *Mathews v. Eldridge*, 424 U.S. 319, 331 (1976). Disability benefits are usually claimants' primary source of income—highlighting the need for both the appearance and reality of fair adjudicators appointed impartially under the Appointments Clause and making the "nature of [a disability] claim" an "important factor[]" in determining whether to take federal jurisdiction over a procedurally flawed administrative appeal, *id.* at 331 n.11. Indeed, we have said that in such cases "the claimant's interest in having the constitutional issue resolved promptly is so great that further deference to agency procedures is inappropriate." *Mattern v. Mathews*, 582 F.2d 248, 253 (3d Cir. 1978).

*Id.* at 157 (footnote omitted).

The Commissioner cites *Waldor v. Saul*, 2020 WL 2557340, at *2 (W.D. Pa. May 20, 2020), in which the court asked for additional briefing on this issue and found that the plaintiff had not forfeited an Appointments Clause challenge. He argues that case is distinguishable because the *Cirko* case had not been decided at the time of the initial briefing (unlike in this case) and therefore the decision itself presented "exceptional circumstances" allowing for the issue to be considered. However, the court in *Waldor* also stated that "given that the decision in *Cirko* was in large part crafted to prevent parties from forfeiting rights inadvertently by failing to raise them at the first opportunity, it seems appropriate to extend this way of thinking to federal cases such as this one." *Id.* Thus, the Court is not persuaded that this situation is distinguishable.

The ALJ heard Brown's case on June 20, 2018. It was not until July 16, 2018, that the Acting Commissioner of the SSA ratified the appointments of ALJs and approved these appointments as her own. Thus, the ALJ who adjudicated and decided Brown's case was not properly appointed under the Appointments Clause of the United States Constitution at the time of the hearing. This squarely presented an Appointments Clause issue. *See Morris v. Commissioner of Soc. Sec.*, 2020 WL 3104931, at *1-2 (W.D. Pa. June 11, 2020) (remanding case when ALJ who was not properly appointed for a period of time while the case was pending).

Brown raised this issue before the Appeals Council (thus, this case does not present an issue of failure to exhaust remedies), but the Appeals Council erroneously concluded that the

Commissioner's after-the-fact ratification of ALJs somehow cured the problem. As explained above, this conclusion was not consistent with what the Administration said it would do in SSR 19-1p.  More significantly, it is inconsistent with the holding in *Lucia*. Therefore, the matter will be remanded to the Commissioner for review before a different ALJ.

Any errors which occurred in the original proceeding which formed the basis of Plaintiff's arguments in his motion for summary judgment should be addressed on remand. *See Morris*, 2020 WL 3104931, at *2; *Hoover v. Saul*, 2020 WL 1550663, at *2 (M.D. Pa. Apr. 1, 2020).

For these reasons, it is ORDERED that the Commissioner's final decision is vacated and this matter is remanded to the Social Security Administration for a new hearing before a different constitutionally appointed Administrative Law Judge than the Administrative Law Judge who presided over Brown's first hearing.

Dated:  November 9, 2020

BY THE COURT:

PATRICIA L. DODGE
United States Magistrate Judge